[Cite as *Byers v. Byers*, 2014-Ohio-3052.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| PATRICIA A. BYERS | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| FRANK M. BYERS, JR., ET AL. | : | Case No. 13-CA-00012 |
| | : | |
| | : | |
| Defendants - Appellees | : | O P I N I O N |

NUNC PRO TUNC

CHARACTER OF PROCEEDING:      Appeal from the Perry County Court of Common Pleas, Case No. 12-CV-00336

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      July 10, 2014

APPEARANCES:

For Plaintiff-Appellant, Pro Se

PATRICIA A. BYERS
P.O. Box 429
14845 Shoreline Drive, W.
Thornville, OH 43076

For Defendants-Appellees

H. RITCHEY HOLLENBAUGH
Carlile, Patchen & Murphy LLP
366 East Broad Street
Columbus, OH 43215

*Baldwin, J.*

{¶1}   Appellant Patricia A. Byers appeals a judgment of the Perry County Common Pleas Court dismissing her complaint against appellees Frank M. Byers, III; Sandra Byers; Frank M. Byers, Jr.; Blaine Byers; Byers Holding, Inc.; George Byers, Jr.; and DBB Investments, Ltd.

## STATEMENT OF FACTS AND CASE

{¶2}   Appellant filed the instant action on September 7, 2012, against Frank Byers, Jr., Frank Byers, III, and several of the Byers Automobile entities.  In the complaint, appellant attempted to thwart an eviction filed in the Perry County Court by her former father-in-law, Frank Byers, Jr., and requested damages from her former spouse Frank Byers, III, from her former father-in-law, and from the Byers automobile companies.  Her complaint also alleged that the divorce proceedings which concluded in Delaware County on June 14, 2012, were unfair and fraudulent, and that she was entitled to more money than what she received in that action.  She further alleged that false documentation was filed in her former husband's bankruptcy proceedings.

{¶3}   On September 21, 2012, she amended her complaint to add a claim against Blaine Byers, Executor of the Estate of Mildred Byers in Franklin County Probate Court, claiming irregularities in the administration of the estate, and to add a cause of action for libel and slander against her former mother-in-law, Sandra Byers. She alleged that Sandra Byers made derogatory statements to appellant and to appellant's children regarding her fitness as a mother, causing the children to gravitate toward Sandra, their grandmother.  She sought damages against Sandra Byers for lost child support.

{¶4}    The court dismissed the action against all defendants except for Sandra Byers on December 10, 2012.  The court dismissed the action against Sandra Byers on September 6, 2013.

{¶5}    Appellant assigns two errors:

{¶6}    "I.    THE TRIAL COURT FAILED TO SEND THE CASE TO THE FEDERAL COURT FOR FURTHER REVIEW AND DETERMINATION AND/OR IT SHOULD HAVE BEEN FOUND THAT APPELLANT'S CLAIM SHOULD BE FILED IN FEDERAL COURT.

{¶7}    "II.    THE TRIAL COURT ABUSED ITS DISCRETION BY DISMISSING THE STATE ACTIONS."

I.

{¶8}    Appellant argues that the trial court was jurisdictionally bound to send her claim of fraud to the bankruptcy court to be heard, as the claim fell into the category of a claim against a debtor.

{¶9}    Appellant did not request that the case be transferred to federal court.  The trial court did not have the authority to sua sponte transfer the instant case to the federal bankruptcy court.  None of the claims in the amended complaint stated a federal cause of action.  The statutes cited by appellant govern the referral of actions from one federal court to another, not to the referral of an action from state court to federal court.

{¶10}    The first assignment of error is overruled.

II.

{¶11}    In her second assignment of error, appellant argues that the court erred in dismissing her case without stating its reasons.  The trial court is not required to state its

reasons on the record; presumably, the court dismissed the action for the reasons set forth in appellees' motions to dismiss.   Appellant sets forth no legal argument as to why the court's decision was incorrect.

{¶12}   The second assignment of error is overruled.

{¶13}   The judgment of the Perry County Common Pleas Court is affirmed. Costs are assessed to appellant.

By: Baldwin, J.

Hoffman, P.J. and

Wise, J. concur.